**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ASSOCIATED MORTGAGE BANKERS, INC.,** on behalf of itself and a class of similarly situated mortgage lenders,<br><br>    Plaintiffs,<br><br>    v.<br><br>**BEN CARSON**, in his official capacity as Secretary of the U.S. Department of Housing and Urban Development, and<br><br>**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**,<br><br>    Defendants. | Case No. 17-CV-00075 (ESH) |

**PLAINTIFFS' MOTION FOR RECONSIDERATION
REGARDING THE COURT'S SEPTEMBER 20, 2017 ORDER**

Plaintiff Associated Mortgage Bankers, Inc., on behalf of itself and the putative class of similarly situated mortgage lenders (collectively, "AMB"), respectfully moves for reconsideration regarding certain aspects of the Court's September 20, 2017 Memorandum Opinion and Order ("Order") [Dkt. 23]. Reconsideration is warranted because the Order decided certain issues which were not raised or briefed by the parties, such that AMB was denied an opportunity to address them as part of the briefing on Defendants' (collectively, "HUD's") motion to dismiss.

First, the Court dismissed AMB's claim for breach of the implied covenant of good faith and fair dealing on the basis that the claim had to be heard in the Court of Federal Claims under the Tucker Act. Yet, the Order acknowledged that it could hear the claim if there was another basis for jurisdiction. Here, HUD's "sue and be sued" clause in the National Housing Act provides that other jurisdictional basis. AMB never discussed jurisdiction for the breach of the implied

covenant claim since HUD did not seek dismissal of that claim for lack of jurisdiction, but only for failure to state a claim. The Court's dismissal of that claim came without the benefit of briefing by the parties regarding jurisdiction, warranting reconsideration.

Second, while the Court dismissed the breach of the implied covenant claim because it allegedly lacked jurisdiction and because the claim was supposedly required to be heard in the Court of Federal Claims under the Tucker Act, it dismissed the claim "with prejudice." Dismissal with prejudice operates as a determination on the merits and prevents AMB from filing its claim in any court, including one which does have jurisdiction. While the Court does in fact have jurisdiction for the claim under HUD's sue and be sued clause for the reasons explained below, even if it declines to exercise jurisdiction, any dismissal should be without prejudice to refiling in the court of appropriate jurisdiction. Since this issue was never addressed in the motion to dismiss briefing, it also deserves reconsideration.

Finally, the Court *sua sponte* determined that AMB cannot bring a class action through its Administrative Procedure Act ("APA") claim. HUD did not seek dismissal of the class action allegations in its motion to dismiss, and AMB therefore did not address why they were appropriate in its briefing, such that reconsideration is warranted. In fact, an APA suit can support class wide relief. Instead of summarily denying AMB's class action claim, the Court should consider it as part of a motion for class certification in the ordinary course of the proceedings. In addition, prior to the issuance of the Order, AMB filed a motion to amend its complaint [Dkt. 22]. In its proposed First Amended Complaint [Dkt. 22-2], AMB expressly pleads 12 U.S.C. § 1702, the National Housing Act's sue and be sued clause, as a basis for jurisdiction, and adds two counts including a challenge to the appointment of the Administrative Judge who decided the appeal and a direct challenge under the APA to HUD's disposal of properties pursuant to its accelerated bulk note sale

programs because the Agency failed to follow notice and comment rulemaking. The Court's decision to deny AMB even the opportunity to demonstrate why certification of a class is appropriate is a denial of due process and, accordingly, should be reconsidered.

## I. LEGAL STANDARD

Interlocutory decisions "may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). "Reconsideration may be warranted where there was a patent misunderstanding of the parties, where a decision was made that exceeded the issues presented, where a court failed to consider controlling law, or where a significant change in the law occurred after the decision was rendered." *Marshall v. Honeywell Tech. Solutions, Inc.*, 598 F. Supp. 2d 57, 59-60 (D.D.C. 2009); *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (reconsideration warranted where the court "has made a decision outside the adversarial issues presented to the Court by the parties" or where the court "fail[ed] to consider controlling decisions or data that might reasonably be expected to alter the conclusion reached by the court") (quotation marks and ellipses omitted).

## II. THE COURT SHOULD NOT HAVE DISMISSED COUNT II[1] FOR LACK OF JURISDICTION, NOR WITH PREJUDICE

HUD did not move to dismiss Count II (breach of the implied covenant of good faith and fair dealing) on the basis that this Court lacked jurisdiction to hear the claim pursuant to the Tucker Act, and AMB's opposition therefore did not address jurisdiction for Count II. Unlike Count I—which HUD expressly argued lacked subject matter jurisdiction—HUD only sought dismissal of the breach of the implied covenant claim for failure to state a claim, and did not raise lack of

---

[1] Count II of the original Complaint [Dkt. 1], is now Count IV of the proposed First Amended Complaint [Dkt. 22-2]. For the sake of clarity in this Motion, AMB will refer to its count for breach of the implied covenant of good faith and fair dealing as "Count II."

3

jurisdiction as a basis for dismissing Count II. Reconsideration is warranted because the Court "made a decision outside the adversarial issues presented to the Court by the parties," and full consideration of the issue requires that Count II not be dismissed, or at most that any dismissal be without prejudice. *Singh*, 383 F. Supp. 2d 99, 101. Further, since the Court did not consider HUD's sue and be sued clause, 12 U.S.C. § 1702, in considering whether the Court had jurisdiction over Count II,[2] the Court "failed to consider controlling law." *Marshall*, 598 F. Supp. 2d at 59-60.

### A. The Court has Jurisdiction over Count II under HUD's Sue and Be Sued Clause

Count II may be heard by this Count pursuant to HUD's sue and be sued clause under the National Housing Act, and AMB is not limited to the Court of Federal Claims by the Tucker Act. As noted in the Order, the Tucker Act's "grant of jurisdiction is exclusive '***only to the extent*** that Congress has not granted any other court authority to hear the claims that may be decided by the Claims Court.'" Order at 7 (emphasis added, quoting *Bowen v. Massachusetts*, 487 U.S. 879, 910 n.48 (1988)). "***Absent other grounds for district court jurisdiction***, a claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or 'in essence' seeks more than $10,000 in monetary relief from the federal government." Order at 7 (emphasis added, quoting *Kidwell v. Dep't of Army, Bd. for Corr. of Military Records*, 56 F.3d 279, 284 (D.C. Cir. 1995)).

Under the National Housing Act, "[t]he Secretary shall, in carrying out the provisions of this title and titles II, III, V, VI, VII, VIII, IX, and XI be authorized, in his official capacity, to sue

---

[2] The Court discussed Section 1702 in connection with whether it had jurisdiction over Count I, but ultimately determined that it need not decide the issue since the APA provided for jurisdiction over Count I. Order at 9 n.7, 11 n.8.

4

and be sued in any court of competent jurisdiction, State or Federal." 12 U.S.C. § 1702. "[T]itle[] II," as that term is used in Section 1702, covers 12 U.S.C. §§ 1707-1715z-25. This case involves, among other things, HUD's mortgage insurance program, its ability to dispose of properties to recoup claims payments, and its ability to seek indemnification. *See, e.g.*, 12 U.S.C. § 1709 (authority to insure mortgages); § 1710(g) (disposition of property); § 1715z-21(c) (indemnification). The Order acknowledged that Section 1702's sue and be sued clause applies to "the statutory provisions governing the FHA program at issue here." Order at 11 n.8.

Where a statute—such as one with a sue and be sued clause—provides a basis for jurisdiction against a governmental entity, a party may file suit in the district courts and is not limited to filing suit in the Court of Federal Claims pursuant to the Tucker Act. *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 622 (D.C. Cir. 2006) ("Contrary to the Government's position, the Tucker Act . . . is inapplicable to appellant's claims. Claims brought under statutes . . . that independently confer jurisdiction upon the district court and waive sovereign immunity for money claims against the United States are not deemed to be 'based on' the Tucker Act . . .."); *Auction Co. of Am. v. FDIC*, 132 F.3d 746, 753 (D.C. Cir. 1997) ("As a consequence of the different waivers of immunity available, plaintiffs suing the FDIC have a fairly wide choice of forum, at least if they sue in contract. They may bring suit in the Court of Federal Claims, if they have a Tucker Act suit for more than $10,000; they may bring a Tucker Act suit for a lesser amount in either the Court of Federal Claims or a district court; ***and they may sue in any court of law or equity under the FDIC sue-or-be-sued clause***.") (emphasis added); *Trans-Bay Engineers & Builders, Inc. v. Hills*, 551 F.2d 370, 376 (D.C. Cir. 1976) (allowing contractual suit against HUD to proceed under Section 1702 and pursuant to 28 U.S.C. §§ 1331 & 1332; "Since Trans-Bay need not rely on or invoke [the Tucker Act] and its waiver of immunity, it is not restricted to the $10,000

limitation on the district court's jurisdiction provided by [the Tucker Act]."); *see also FDIC v. Hulsey*, 22 F.3d 1472, 1480 (10th Cir. 1994) ("FIRREA's 'sue and be sued' clause constitutes a waiver of governmental immunity for breach of contract claims in the district court"; rejecting argument that suit had to be brought in the claims court pursuant to the Tucker Act); *Far West Fed. Bank, S.B. v. Dir., Office of Thrift Supervision*, 930 F.2d 883, 889 (Fed. Cir. 1991) ("The government argues that Count IV sounds in contract, and that Congress in the Tucker Act showed its intention to exclude contract claims from 'sue and be sued' clauses in other statutes. This position is contravened by the variety of contract-related claims for monetary relief which have been brought under 'sue and be sued' clauses."; remanding claim for further proceedings in federal district court).

Accordingly, AMB may bring Count II, its breach of the implied covenant claim, in this Court, and is not limited to a suit under the Tucker Act in the Court of Federal Claims. The Court should reconsider this aspect of the Order, which was not previously briefed by the parties.

### B. Even if the Court Dismisses Count II, Dismissal Should be Without Prejudice to Refiling in the Court of Appropriate Jurisdiction

The Court held that "Count II, and all relief related to an alleged breach of contract by HUD, is dismissed with prejudice." Order at 13, 14. The Court's stated basis for dismissal was that jurisdiction over Count II lays in the Court of Federal Claims under the Tucker Act. As discussed above, AMB respectfully seeks reconsideration of that aspect of the Order. However, even if the Court concludes that dismissal is still appropriate due to a lack of jurisdiction in this

Court, dismissal should be without prejudice to AMB refiling its claims in the court of appropriate jurisdiction (i.e., the Court of Federal Claims).[3]

For an "Involuntary Dismissal," "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—***except one for lack of jurisdiction***, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Thus, dismissal for lack of jurisdiction should normally be without prejudice. "Adjudication on the merits in this context means dismissal with prejudice." *Rollins v. Wackenhut Servs.*, 703 F.3d 122, 131 (D.C. Cir. 2012). "[D]ismissal with prejudice is the exception, not the rule, in federal practice, because it operates as a rejection of the plaintiff's claims on the merits and ultimately precludes further litigation of them." *Id.* (quotation marks and brackets omitted). Yet the Order's dismissal "with prejudice" acts as just such a rejection on the merits and ultimately precludes further litigation in the Court of Federal Claims, notwithstanding the Court's statement that it "cannot reach the merits of Count II because the claim and the requested relief are within the Tucker Act's exclusive jurisdiction". Order at 7. If AMB's sole route to relief is a suit under the Tucker Act, it should be allowed to file such a suit.

The standard practice of courts is to dismiss such claims without prejudice, so that they may be refiled in the Court of Federal Claims (or to transfer the claims to that court). *See, e.g.*, *Greenhill v. Spellings*, 482 F.3d 569, 572, 576 (D.C. Cir. 2007) ("[T]he Court of Federal Claims has exclusive jurisdiction. We remand the case to the district court with instructions to transfer the case to the Court of Federal Claims pursuant to 28 U.S.C. § 1631."); *Jackson v. United States*,

---

[3] To the extent the Court did not mean to suggest AMB could not refile these claims in the Court of Federal Claims pursuant to the Tucker Act, then AMB seeks clarification of the Order on this point.

15-cv-2935, 2017 U.S. Dist. LEXIS 48904, at *10 (D.D.C. Mar. 31, 2017) ("[The court] lacks subject matter jurisdiction over Ms. Jackson's takings claim because exclusive jurisdiction over such a claim is vested in the Court of Federal Claims under the Tucker Act.  This case shall be dismissed without prejudice."); *Chandler v. Kiely*, 539 F. Supp. 2d 220, 224 (D.D.C. 2008) ("[J]urisdiction over his claim lies with the Court of Federal Claims—not with this Court."; dismissing case "for lack of subject matter jurisdiction—without prejudice[.]"); *Omega Baccus v. USDA*, 08-cv-12, 2007 U.S. Dist. LEXIS 95270, at *1-2 (D.D.C. Nov. 26, 2007) (Huvelle, J.) (where claim found to be "subject to the exclusive jurisdiction of the Court of Federal Claims," "this Court has no subject matter jurisdiction over this matter, and the complaint will be dismissed without prejudice"); *Majeski v. Resolution Trust Corp.*, 94-cv-738, 1995 U.S. Dist. LEXIS 9541, at *28 (D.D.C. Feb. 28, 1995) ("Because plaintiff has neither argued nor demonstrated that the Tucker Act provides an inadequate remedy for his constitutional claim, Count II of the Amended complaint will be dismissed without prejudice to refiling in the Court of Federal Claims.").

### III. THE *SUA SPONTE* STRIKING OF AMB'S CLASS ACTION ALLEGATIONS WITHOUT BRIEFING IS A DENIAL OF DUE PROCESS

Without a motion from HUD, or any briefing, the Order holds that AMB is barred from pursuing claims on behalf of a putative class in this action.  *See* Order at 8, 13.  Even if the Court declines to exercise jurisdiction over AMB's breach of the implied covenant claim—though as explained above, this Court has jurisdiction over that claim—AMB's APA claim can still support a class action.  It is undisputed that the parties did not brief whether AMB should be allowed to move for class certification—let alone whether class certification should be granted or denied—in connection with the motion to dismiss briefing.  Reconsideration is warranted because the Court "made a decision outside the adversarial issues presented to the Court by the parties."  *Singh*, 383 F. Supp. 2d 99, 101.

Further, dismissing AMB's class action allegations without providing any notice of the intention to do so, and without accepting any briefing on the matter, is a denial of due process. "[T]he fundamental requirement of due process is an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962). "The adequacy of notice and hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Id.* Here, nothing in the motion to dismiss addressed whether this case should be heard as a class action, and the Court gave no prior indication it would deny AMB's right to bring a class action in deciding the motion to dismiss. AMB therefore had no reason to address why class certification is allowed here, or to even think the validity of class action proceedings would be at issue at this stage of the proceeding. *See Anyanwutaku v. Moore*, 151 F.3d 1053, 1058-59 (D.C. Cir. 1998) (where claim could not "be considered frivolous," "the district court's refusal to reconsider its *sua sponte* dismissal of [the] claim amounted to an abuse of discretion").

Because the Court did not explain why AMB was precluded from bringing its APA claim on a class-wide basis, AMB cannot directly address the reasoning behind the Court's decision. As explained below, however, AMB has a valid basis for pursuing its APA claim on behalf of a putative class. The Court should reconsider the aspects of its Order which preclude AMB from seeking class certification, and should consider a motion for class certification in the normal course of this proceeding.

Courts have considered—and certified—class actions based on APA claims. For example, another court in this district recently certified a class action under the APA to address improper

fees charged by the IRS in *Steele v. United States*, 159 F. Supp. 3d 73 (D.D.C. 2016), *modified on reconsideration*, 200 F. Supp. 3d 217 (D.D.C. 2016).  There, the IRS charged tax preparers an unauthorized and excessive fee to obtain a tax preparer identification number.  The court concluded that the APA waived sovereign immunity, that the class members could seek injunctive relief under the APA, and that the class members could seek restitution of the improperly paid fees since restitution was an equitable remedy and therefore was not barred by the APA's bar on monetary damages. 200 F. Supp. 3d at 225-226[4]; *see also Salazar v. King*, 822 F.3d 61, 84 (2d Cir. 2016) (reversing dismissal of class action brought under APA and remanding for further proceedings "including consideration of plaintiffs' class certification motion"); *Coehn v. United States*, 650 F.3d 717, 721-22, 736 (D.C. Cir. 2011) (reversing dismissal for lack of jurisdiction for class action brought under APA and allowing suit to proceed); *Vietnam Veterans of Am. v. CIA*, 288 F.R.D. 192, 221 (N.D. Cal. 2012) (certifying class action under APA); *Roshandel v. Chertoff*, 554 F. Supp. 2d 1194, 1206 (W.D. Wash. 2008) ("Nothing in section 1447(b), or common sense, precludes resolving Plaintiffs' section 1447(b) or APA claims on a class-wide basis.").

In the same vein, AMB's claims turn on, among other things, HUD's admittedly erroneous and harmful execution of its Single Family Loan Sales program, its payment of invalid insurance claims, mismanagement of its indemnification agreements, and its failure to properly determine the amounts of the alleged debts.  As AMB explained in its original Complaint, the HUD Office of Inspector General identified "243 loans that were part of the [Accelerated Claims Disposition] program from January 1, 2004, to February 21, 2014, that had indemnification agreements."

---

[4] The class members in *Steele* won on summary judgment and the court there issued a final order and judgment in July 2017 which, in relevant part, awarded monetary restitution and injunctive relief to the class members.  1:14-cv-1523, 2017 U.S. Dist. LEXIS 127421 (July 7, 2017).

Compl. ¶ 39.  The lenders in each of these 243 instances are similarly situated to AMB; that is, there were identical indemnification agreements executed in connection with the underlying FHA-insured loans and HUD sold the notes in bulk sales, which was at a discounted price, *id.* ¶ 19, and HUD is similarly seeking recovery from each putative class member based on its arbitrary and capricious actions.  *Id.* ¶¶ 37-44.

AMB's proposed First Amended Complaint [Dkt. 22-2]—which AMB moved for leave to file before the Court issued its ruling on the motion to dismiss [Dkt. 22]—provides additional clarity regarding the manner in which AMB is challenging HUD's entire execution of the SFLS program—which was promulgated without requisite notice and comment proceedings, and which is contrary to HUD's existing regulations.  *See Rosetti v. Shalala*, 12 F.3d 1216, 1217, 1233 (3d Cir. 1993) (allowing plaintiffs to seek class certification for APA claims related to agency's use of invalid rules and policies); *Hill v. Sullivan*, 125 F.R.D. 86, 93 (S.D.N.Y. 1989) (refusing to dismiss APA class action challenging agencies failure to promulgate rules through notice and comment).

The fact that this case arises in part from a HUD Administrative Judge's decision also does not preclude class relief, since AMB can show on a class-wide basis that the alleged debts for all of the class members are neither due nor enforceable due to HUD's mistakes and misconduct.  The fact that all of the other class members were not part of the proceeding before the agency (i.e., that they did not exhaust their administrative remedies before the agency) is not a bar, since "[u]nder the doctrine of vicarious exhaustion, each individual plaintiff in a class action need not exhaust his or her administrative remedies individually so long as at least one member of the class has," and here, AMB has done so.  *See, e.g.*, *Blackmon-Malloy v. U.S. Capitol Police Bd.*, 575 F.3d 699, 704 (D.C. Cir. 2009); *Contreras v. Ridge*, 305 F. Supp. 2d 126, 132 (D.C. Cir. 2004).

Class actions under the APA are an established vehicle for judicial relief when persons are injured by the government, and AMB should receive the opportunity to show that its claims here form the basis for a valid class action, instead of having its class claims summarily denied.

### IV.    **CONCLUSION**

For the foregoing reasons, AMB respectfully requests that the Court reconsider several aspects of its September 20, 2017 Order which were decided without any briefing by the parties. The Court should reconsider its holding that it lacks jurisdiction over the breach of the implied covenant of good faith and fair dealing claim. Alternatively, even if the Court does not reconsider the jurisdictional determination for Count II, it should make dismissal of the claim "without prejudice" to refiling in a court of competent jurisdiction. Finally, the Court should reconsider its decision to deny AMB the opportunity to seek class certification, and allow AMB to brief the issue as part of a motion for class certification in the normal course of proceedings.

Dated:  September 28, 2017

                                     Respectfully submitted,

                                      /s/ David M. Souders
                                     David M. Souders (Bar No. 441491)
                                     Brain M. Serafin (Bar No. 996019)
                                     WEINER BRODSKY KIDER PC
                                     1300 19th Street NW, Fifth Floor
                                     Washington, DC 20036
                                     Tel:  (202) 628-2000
                                     Fax:  (202) 628-2011
                                     Email: souders@thewbkfirm.com
                                             serafin@thewbkfirm.com

                                     *Counsel for Plaintiff and the class of similarly situated mortgage lenders*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2017, a copy of the foregoing **PLAINTIFFS' MOTION FOR RECONSIDERATION REGARDING THE COURT'S SEPTEMBER 20, 2017 ORDER**, and a proposed order, were filed via the Court's CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

                                                 /s/ *Brian M. Serafin*
                                               Brain M. Serafin (Bar No. 996019)