UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATED MORTGAGE BANKERS, INC., ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> BEN CARSON, in his official capacity as ) <br> SECRETARY OF THE U.S. DEPARTMENT OF ) <br> HOUSING AND URBAN DEVELOPMENT, ) <br> ) <br> and ) <br> ) <br> U.S. DEPARTMENT OF HOUSING AND URBAN ) <br> DEVELOPMENT, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 17-cv-00075 (ESH) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**MOTION FOR RECONSIDERATION**

Of Counsel:

Batina Wills-Washington
Office of General Counsel
U.S. Department of Housing and
Urban Development
batina.wills-washington@hud.gov

CHAD A. READLER
Acting Assistant Attorney General
RUTH A. HARVEY
Director
J. TAYLOR McCONKIE
Assistant Director
KEVIN P. VANLANDINGHAM
Trial Attorney
NY Reg. No. 4741799
U.S. Department of Justice, Civil Division
P.O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875
Telephone: (202) 307-1134
Facsimile: (202) 514-9163
kevin.p.vanlandingham@usdoj.gov

ATTORNEYS FOR THE DEFENDANTS

Defendants, the United States Department of Housing and Urban Development and Ben Carson in his official capacity as its Secretary (together, HUD or the Defendants), respectfully oppose Plaintiff's Motion for Reconsideration Regarding the Court's September 20, 2017 Order (the Motion). Dkt 24.

## INTRODUCTION

AMB's motion for reconsideration is not based on any intervening change in law or fact. AMB instead seeks reconsideration because it thinks the Court clearly erred. The Court did not err. The Court correctly determined that it lacks jurisdiction to hear AMB's breach of contract claim. That claim seeks the equivalent of money damages, which the Tucker Act makes the exclusive province of the Court of Federal Claims. Dismissing that claim with prejudice was also correct, because it prevents AMB from refiling the claim in this Court. The Court also correctly observed that the narrow remaining claim under the Administrative Procedure Act (APA) – limited to review of the Administrative Judge (AJ) Decision – is not amenable to class treatment. AMB was the only party to the AJ Decision and is the only party that can appeal that decision to this Court. Denying AMB an opportunity to make a futile motion for certification in these circumstances did not deprive it of any due process right.

## PROCEDURAL BACKGROUND

On September 20, 2017, the Court issued its Order granting in part and denying in part Defendants' motion to dismiss the original complaint. Dkt 23. The Order dismissed AMB's claim for breach of the implied covenant of good faith and fair dealing for lack of jurisdiction. Order at 7–8. The Court explained that, absent an independent source of jurisdiction, the Tucker Act provides exclusive jurisdiction for contract claims that "in essence seek[] more than $10,000

in monetary relief from the government." Order at 7.  The Court further explained that the "requested relief must have 'considerable value independent of any future potential for monetary relief' to escape the Tucker Act's exclusive jurisdiction."  Order at 8 (quoting *Kidwell v. Dep't of Army, Bd. for Corr. of Military Records*, 56 F.3d 279, 284 (D.C. Cir. 1995)).  The Court found that AMB's contract claim did not have "considerable value independent of its future potential for monetary relief," and thus dismissed the claim as falling within the Tucker Act jurisdiction.  *See* Order at 7–8.

The Court allowed AMB's APA claim to proceed to summary judgment under an arbitrary-and-capricious standard.  The Court held: "Count II [the contract claim], and all relief related to an alleged breach of contract by HUD, is dismissed with prejudice.  Plaintiff's challenge under the APA only remains cognizable as a claim to the extent it challenges the AJ's decision as arbitrary and capricious."  Order at 13.  With the case narrowed to review of the AJ Decision, the Court further observed that "[t]he parties are not litigating a breach of contract action before this Court.  This action will not include discovery or class certification.  After the administrative record is filed, the Court will decide whether the AJ reached her decision in an arbitrary and capricious manner, or otherwise violated an applicable statute or regulation."  Order at 13.

**ARGUMENT**

**I.    Legal Standard**

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  *Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 17 (D.C. Cir. 2015) (quoting 11 Charles Alan Wright et al., Federal Practice & Procedure § 2810.1 (3d ed. 2012)).  "In general, a court will grant a motion for reconsideration of an interlocutory order only when

the movant demonstrates: (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *In re McCormick & Co., Inc.*, No. 15-1825, 2017 WL 3530063, at *4 (D.D.C. March 21, 2017) (Huvelle, J.) (quoting *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008)).  AMB does not argue an intervening change in law or discovery of new facts; it instead relies exclusively on the third prong, and thus must demonstrate "a clear error in the first order."  *Id.*

## II. The Court Correctly Held that the Tucker Act Provides Exclusive Jurisdiction for Contract Claims Against the United States

The Court correctly dismissed AMB's good-faith-and-fair dealing claim for lack of jurisdiction.  Order at 7–8.  The Court noted that the Tucker Act (28 U.S.C. § 1491) grants the Court of Federal Claims exclusive jurisdiction over monetary contract claims against the United States unless Congress has conferred jurisdiction on another court.  Order at 7 (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 910 n.48 (1988)).  In seeking reconsideration, AMB asserts that the FHA sue-and-be-sued clause in 12 U.S.C. § 1702 grants jurisdiction to district courts over monetary contract claims against the United States.  Motion at 4–6.  Further, although not argued in the reconsideration motion, AMB's complaint asserts that 28 U.S.C. § 1331, the general subject-matter jurisdiction statute, grants jurisdiction over this suit.  *See* Complaint.  Neither assertion is correct.

### A. 12 U.S.C. § 1702 Does Not Grant Subject-Matter Jurisdiction

According to AMB, the sue-and-be-sued clause in 12 U.S.C. § 1702 provides this Court with subject-matter jurisdiction to hear contract claims against the HUD Secretary.  Motion at 5.  But this is plainly wrong, as demonstrated by the Supreme Court's recent decision in *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553 (2017).  There, the Supreme Court considered whether Fannie Mae's sue-and-be-sued clause in 12 U.S.C. § 1723a, which permits suit "in any court of

- 3 -

competent jurisdiction," granted federal courts subject-matter jurisdiction to hear claims against Fannie Mae.[1]  *Id.* at 559.  A unanimous Court held that the phrase "court of competent jurisdiction" refers to a court with an existing source of subject-matter jurisdiction.  *Id.* at 561.  Thus, the Court concluded, in enacting § 1723a, Congress did not grant federal courts jurisdiction to hear claims against Fannie Mae; rather, it merely permitted suit "in any state or federal court *already endowed* with subject-matter jurisdiction over the suit."  *Id.* (emphasis added).

By the same token, when Congress enacted § 1702, it waived immunity for suit against the HUD Secretary "in any court of competent jurisdiction," but it did not grant subject-matter jurisdiction to this or any other court.  The Supreme Court's *Lightfoot* decision is merely the capstone to a long line of cases holding that § 1702 does not confer subject-matter jurisdiction.  *See, e.g.*, *C.H. Sanders Co. v. BHAP Hous. Dev. Fund Co.*, 903 F.2d 114, 118 (2d Cir. 1990); *Lomas & Nettleton Co. v. Pierce*, 636 F.2d 971, 973 (5th Cir. 1981); *Bor-Son Bldg. Corp. v. Heller*, 572 F.2d 174, 181 (8th Cir. 1978); *Lindy v. Lynn*, 501 F.2d 1367, 1368 (3d Cir. 1974).

AMB cites a host of cases for the supposed proposition that sue-and-be-sued clauses can provide district court jurisdiction over contract claims against the United States.  *See* Motion at 5–6.  But most of these cases are completely inapposite because they address jurisdiction under statutes other than § 1702.  *See Martinez v. Bureau of Prisons*, 444 F.3d 620, 622 (D.C. Cir. 2006) (addressing appellate jurisdiction under the Privacy Act, 5 U.S.C. § 552a(g)(5)); *Auction Co. of Am. v. FDIC*, 132 F.3d 746, 751 (D.C. Cir. 1997) (addressing jurisdiction under FIRREA,

---

[1] The operative language in Fannie Mae's sue-and-be-sued clause is identical to FHA's sue-and-be-sued clause.  *Compare* 12 U.S.C. § 1723a(a) (Fannie Mae "shall have power . . . to sue and to be sued, and to complain and to defend, in any court of competent jurisdiction, State or Federal.") *with* 12 U.S.C. § 1702 ("The (HUD) Secretary shall, . . . be authorized, in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal.")

12 U.S.C. § 1819(a)–(b)); *FDIC v. Hulsey*, 22 F.3d 1472, 1480 (10th Cir. 1994) (same); *Far West Fed. Bank, S.B. v. Office of Thrift Supervision*, 930 F.2d 883, 887–89 (Fed. Cir. 1991) (same). The issue is not whether *any* statute containing a sue-and-be-sued clause can also grant subject-matter jurisdiction; rather, the issue is whether § 1702 does so. Again, *Lightfoot* could not be clearer on this point: The language in § 1702 does not confer subject-matter jurisdiction.

### B. 28 U.S.C. § 1331 Does Not Grant Subject-Matter Jurisdiction for AMB's Contract Claim

Because § 1702 does not grant jurisdiction, AMB must look elsewhere to establish that this Court has subject-matter jurisdiction over its contract claim. In its complaint, AMB cites 28 U.S.C. § 1331,[2] the general federal-question jurisdiction statute, as a basis for jurisdiction. AMB's Motion for Reconsideration also cites *Trans-Bay Engineers & Builders, Inc. v. Hills*, 551 F.2d 370, 376 (D.C. Cir. 1976), which held that § 1331 conferred jurisdiction for certain contract-based claims against the government. Motion at 5. Properly understood, however, § 1331 does not provide jurisdiction here.

Contract claims for damages against the United States are governed by the Tucker Act, 28 U.S.C. § 1491(a)(1),[3] and the Little Tucker Act, 28 U.S.C. § 1346(a)(2).[4] Read together,

---

[2] Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[3] Section 1491(a)(1) provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . .

[4] Section 1346(a)(2) provides:

these statutes "provide for exclusive jurisdiction in the Court of Federal Claims for contract disputes seeking more than $10,000 in damages." *Franklin-Mason v. Mabus*, 742 F.3d 1051, 1055 (D.C. Cir. 2014).  Nonetheless, a district court could have jurisdiction over a Tucker Act claim if another statute independently waived sovereign immunity and conferred jurisdiction. *See Bowen*, 487 U.S. at 910 n.48 ("Rather, [the Court of Federal Claim's] jurisdiction is 'exclusive' only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the Claims Court.").  Thus, the D.C. Circuit has held that "while the Tucker Act and Little Tucker Act create a presumption of exclusive jurisdiction in the Court of Federal Claims, . . . that presumption can be overcome by an independent statutory grant to another court." *Franklin-Mason*, 742 F.3d at 1055 (quotation omitted).

As courts in this district have previously held, § 1331 is not an independent statutory grant for contract damages claims against the government.  The case of *Molton, Allen & Williams, Inc. v. Harris*, 436 F. Supp. 853 (D.D.C. 1977), is directly on point.  There, as here, the plaintiff brought suit under § 1702's sue-and-be-sued clause.  *Id*. at 854.  Noting that § 1702 is not a jurisdictional grant (*id*. at 855), the court considered whether § 1331 conferred jurisdiction to district courts for contract claims over $10,000.  The plaintiff argued that because the federal common law of contract provided the rule of decision, federal-question jurisdiction existed.  But the court rejected this view, noting that such a rule would impermissibly narrow the Tucker Act's grant of exclusive jurisdiction:

> It seems obvious that plaintiff's argument does not state the proper rule.  If plaintiff's argument were to prevail, every Government

---

The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims of: . . . (2) Any other civil action, or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States . . .

> contracts case where the waiver of sovereign immunity was not dependent solely on the Tucker Act could be brought in a federal district court because the federal common law of contracts provides the rules of decision in all Government contracts cases.

*Id*. at 856.  Thus, the court held, "there is no federal question jurisdiction in the instant action on the basis of federal common law." *Id*. at 857.

The decision in *Molton* is correct. Congress enacted the jurisdictional scheme in the Tucker Act and Little Tucker Act long before it enacted § 1331. *Broughton Lumber Co. v. Yeutter,* 939 F.2d 1547, 1556 (Fed. Cir. 1991). Courts must presume that the specific grant of jurisdiction to the Court of Federal Claims for contract damages claims over $10,000 controls over the general grant of jurisdiction in § 1331 for "all civil actions arising under the . . . laws . . . of the United States." *Cf. id*. at 1557 (holding that § 1331's general jurisdictional grant did not override the Tucker Act's specific jurisdictional grant to the Court of Federal Claims for Fifth Amendment Takings claims over $10,000). When Congress, through the Little Tucker Act, granted concurrent jurisdiction to district courts to hear contract damages claims under $10,000, it implicitly restricted district courts' ability to hear cases over that amount.  A rule permitting district courts to entertain contract claims for damages over $10,000 would override the deliberate jurisdictional scheme Congress enacted through the Tucker Act and Little Tucker Act.

Admittedly, courts are split on this issue. *Compare, e.g., Marceau v. Blackfeet Hous. Auth.*, 455 F.3d 974, 986 & n.6 (9th Cir. 2006), *opinion readopted in relevant part*, 540 F.3d 916, 929 (9th Cir. 2008) (holding that "where a case falls under Tucker Act jurisdiction, federal question jurisdiction cannot serve as an alternative basis for jurisdiction"), *with W. Sec. Co., Subsidiary of Universal Mortg. Corp. v. Derwinski*, 937 F.2d 1276, 1280 (7th Cir. 1991) (holding that district court had federal-question jurisdiction over suit to enforce a contract against a federal agency because federal common law governed the claim). And, notwithstanding the

clarity of this district's *Molton* decision, at least one case in this district reached a different result. *See Yee v. Jewell*, 228 F. Supp. 3d 48, 53 (D.D.C. 2017) (in breach-of-contract case, holding that federal question existed on the basis of federal common law).[5]

AMB cites *Trans-Bay Engineers & Builders, Inc. v. Hills*, 551 F.2d 370 (D.C. Cir. 1976). *See* Motion at 5. But that case is not controlling here. In *Trans-Bay*, the plaintiff, as a third-party beneficiary, sued the HUD Secretary for suretyship and equitable lien/unjust enrichment. *Id*. at 375. The plaintiff's claims were "not rooted in a contract" between HUD and the plaintiff, but rather on "equitable rights generated by HUD's course of activities." *Id*. at 377. Within that context, the D.C. Circuit held that federal-question jurisdiction existed under § 1331 due to the application of federal common law over the plaintiff's equitable claims. *Id*. at 378.

The nature of relief sought in *Trans-Bay* is critical to an understanding of its holding. The Tucker Act, of course, confers jurisdiction on the Court of Federal Claims only for claims seeking monetary damages, and that court lacks power to grant equitable relief. *See, e.g., Richardson v. Morris*, 409 U.S. 464, 465 (1973) (the Tucker Act "has long been construed as authorizing only actions for money judgments and not suits for equitable relief against the United States" and noting that "the Court of Claims has no power to grant equitable relief"). By holding that federal-question jurisdiction existed for equitable claims against the government, *Trans-Bay* did not impinge on the Tucker Act's grant of exclusive jurisdiction for monetary claims. *See*

---

[5] *Yee* appears to have been decided on a record that was not fully matured. In fact, within one month of the district court's order, the court transferred the case to the Court of Federal Claims. *See* Case No. 16-490 (RDM), Dkt 17. *Yee's* holding also relies upon the Ninth Circuit case *N. Side Lumber Co. v. Block*, 753 F.2d 1482 (9th Cir. 1985), but that case does not support a holding that § 1331 provides subject-matter jurisdiction for breach-of-contract suits against the government. As noted above, the Ninth Circuit has explicitly held that district courts lack subject-matter jurisdiction in these circumstances. *See Marceau*, 455 F.3d at 986 & n.6. Because *Yee* relies on a misinterpretation of Ninth Circuit law, there is no reason to follow its holding here. In contrast, *Molton* relies on firm reasoning that supports this Court's Order.

*Molton*, 436 F. Supp. at 857 (holding that a close analysis of *Trans-Bay* did not support a finding that § 1331 provided subject-matter jurisdiction for contract damages claims). Here, in contrast, AMB's contract-based claim seeks monetary relief, just as this Court noted in its Memorandum Opinion and Order. *See* Order at 7–8 (holding AMB could not bypass Tucker Act jurisdiction because its good-faith-and-fair-dealing claim "in essence" seeks monetary relief). Thus, the rule of *Trans-Bay* is not implicated here, and this Court correctly dismissed the contract claim for lack of jurisdiction.

### III. A Dismissal with Prejudice Prevents AMB from Refiling in This Court

Contrary to AMB's assertion, a dismissal with prejudice for lack of jurisdiction only bars AMB from refiling its claims in this Court.[6] *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the defendant from returning later, to the same court, with the same underlying claim."); *Styskal v. Weld County Bd. of County Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004) ("[W]hen a [federal] court rules that a dismissal is with prejudice, it is saying only that the claim cannot be refiled in that court."). On the other hand, had the Court dismissed without prejudice, AMB may have been free to re-plead the contract claim here. *See Attias v. CareFirst, Inc.*, 865 F.3d 620, 625 (D.C. Cir. 2017) ("By dismissing without prejudice, a district court leaves the plaintiff free to return later to the same court with the same underlying claim.") (citing *Semtek*, 531 U.S. at 505).

---

[6] AMB asserts that it should be free to refile its contract claim in the Court of Federal Claims. Motion at 7. Although there may be other bars to filing this case in the Court of Federal Claims, the Court's dismissal with prejudice is not one of them.

### IV. The Court Correctly Held that the Remaining APA Claim Would Not be Certified as a Class

The Court did not clearly err in holding that the APA claim "only remains cognizable to the extent it challenges the AJ's decision as arbitrary and capricious." Order at 13. Limiting review to the AJ Decision necessarily precludes class treatment. The Court's review of the AJ Decision is akin to an appellate review. *See Pac. Ranger, LLC v. Pritzker*, 211 F. Supp. 3d 196, 210 (D.D.C. 2016) ("When a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal. The entire case on review is a question of law.") (internal marks omitted) (quoting *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001)); *accord Nickel v. Melson*, 825 F. Supp. 2d 187, 192 (D.D.C. 2011) (Huvelle, J.). AMB was the only party to the administrative proceedings in this case and the only party affected by the AJ Decision: only AMB can claim to have been injured by the AJ Decision, and only AMB will be remedied by this Court's review of that decision. For this reason, the Court's review of the AJ Decision will not resolve any more than AMB's claims, and thus no class could be certified. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49 (2011) ("[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members."); *Brewer v. Holder*, 20 F. Supp. 3d 4, 14 (D.D.C. 2014) ("[A] putative class member who did not suffer the same injury as the putative class lacks standing to bring the class claim.") (citing *Arnold v. Postmaster General*, 667 F. Supp. 6, 20 (D.C. Cir. 1987)).

AMB argues that there are common issues in the putative class. Motion at 10. But even if that were true, common issues are not enough. Review of the plaintiff's case must instead drive class-wide resolution. *See Thorpe v. Dist. of Columbia*, 303 F.R.D. 120, 145 (D.D.C. 2014) ("What matters to class certification is not the raising of common 'questions' – even in droves – but, rather the capacity of a classwide proceeding to generate common answers apt to

drive the resolution of the litigation.") (Huvelle, J.) (quoting *Walmart*, 564 U.S. at 350). The Court's review in this case will only resolve whether the AJ Decision was arbitrary and capricious; it will not drive class-wide resolution.

Moreover, class certification is unavailable because the administrative record does not address any other potential class members. The Court will only review the administrative record, and may not consider issues outside the record. Order at 13; *see CTS Corp. v. EPA*, 759 F.3d 52, 64 (D.C. Cir. 2014) ("It is black-letter administrative law that in an Administrative Procedure Act case, a reviewing court should have before it neither more nor less information than did the agency when it made its decision.") (internal marks omitted); *Pac. Ranger*, 211 F. Supp. 3d at 209–10 ("The district court is tasked only with determining whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did.") (internal marks and citation omitted). The record in this case consists of the parties' briefing before the AJ, which only addressed AMB's claims and arguments. The record does not address the facts or arguments of any other potential parties.

AMB argues that other courts have certified classes in APA cases before. Motion at 9-10. But none of the cases cited by AMB were limited to reviewing an administrative judge's decision, as the Court is here. *See Steele v. United States*, 159 F Supp. 3d 73, 76 (D.D.C 2016) (reviewing challenge to IRS regulations imposing fee on tax preparers); *Salazar v. King*, 822 F.3d 61, 70–71 (2d Cir. 2016) (reviewing allegations that agency failed to comply with law and regulations requiring discharge of certain student debts); *Cohen v. United States*, 650 F.3d 717, 719–22, 732 (D.C. Cir. 2011) (challenging adequacy of IRS Notice establishing refund procedures for incorrectly collected excises taxes; and distinguishing those class action claims from a review of an IRS tax refund adjudication where "the relief would be individualized, not

class wide"); *Vietnam Veterans of Am. v. C.I.A.*, 288 F.R.D 192, 201 (N.D. Cal 2012) (challenging department of defense procedures addressing military experiments on service members); *Roshandel v. Chertoff*, 554 F. Supp. 2d 1194, 1198 (W.D. Wash 2008) (challenging FBI delay in processing naturalization applications).

AMB also half-heartedly argues that it was deprived of due process because the Court did not allow AMB to move for class certification. Motion at 9. But AMB does not cite any cases holding that courts must accept briefing on class certification before deciding whether certification is appropriate. To the contrary, the Court must decide whether to certify a class "[a]t an early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1)(A).

Again, the Court's holding on class certification was merely the natural result of its decision on AMB's APA claim. Having correctly limited the APA claim to a record-review of the AJ Decision, further consideration of class certification would be futile, and AMB does not have a due process right to consideration of a futile class certification motion. On the contrary, where a ruling on a motion to dismiss moots the class claims, as is the case here, the Court may dismiss the putative class without considering a motion for certification. *See Greenlee County, Ariz. v. United States*, 487 F.3d 871, 880 (Fed. Cir. 2007) ("[W]e have repeatedly found on appeal that issues related to class certification were moot in light of our resolution against the plaintiff of a motion to dismiss.").

Due process requires only that AMB be given notice and opportunity to be heard before depriving it of a constitutionally protected interest. *Gen. Elec. Co. v. Jackson*, 610 F.3d 110, 117 (D.C. Cir. 2010) ("Only after finding the deprivation of a protected interest do[es] [the Court] look to see if the government's procedures comport with due process."). AMB offers no

authority to demonstrate that it has a constitutionally protected interest in having a class certified; nor that it was deprived of that alleged protected interest without adequate due process.  AMB does not have a constitutional right to a class; the certification decision is instead committed to the sound discretion of the district court.  *See Daskalea v. Wash. Humane Soc'y*, 275 F.R.D. 346, 356 (D.D.C. 2011) ("Because district courts are uniquely well situated to make class certification decisions, they exercise broad discretion in deciding whether to permit a case to proceed as a class action.").  AMB has not demonstrated that the Court clearly erred in ruling out class treatment here; the Court was instead correct to do so.

## CONCLUSION

For the foregoing reasons, the Court should deny AMB's motion for reconsideration.

Respectfully submitted this 12th day of October, 2017.

        CHAD A. READLER
        Acting Assistant Attorney General

        RUTH A. HARVEY
        Director

        J. TAYLOR McCONKIE
        Assistant Director

        *s/ Kevin P. VanLandingham*
        KEVIN P. VANLANDINGHAM
        (NY Reg. No. 4741799)
        Trial Attorney
        U.S. Department of Justice,
        Civil Division
        P.O. Box 875, Ben Franklin Station
        Washington, D.C.  20044-0875
        Telephone: (202) 307-1134
        Facsimile: (202) 514-9163
        kevin.p.vanlandingham@usdoj.gov
        ATTORNEYS FOR THE DEFENDANTS

Of Counsel:

Batina Wills-Washington
Office of General Counsel
U.S. Department of Housing and
Urban Development
batina.wills-washington@hud.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 12, 2017, I electronically filed the foregoing Defendant's Opposition to Plaintiff's Motion for Reconsideration with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

*s/ Kevin P. VanLandingham*
KEVIN P. VANLANDINGHAM