UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ASSOCIATED MORTGAGE BANKERS INC.,

        Plaintiff,

        v.

BEN CARSON, *et al.*,

        Defendants.

Civil Action No. 17-0075 (ESH)

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff's motion for reconsideration. The factual and procedural background is set forth in the Court's September 20, 2017 Memorandum Opinion granting in part, and denying in part, defendants' motion to dismiss. (ECF No. 23 ("MTD Op.").) In that Memorandum Opinion, the Court dismissed with prejudice plaintiff's claim for breach of the covenant of good faith and fair dealing ("Count II") for lack of subject matter jurisdiction because it is within the Tucker Act's exclusive jurisdiction. (MTD Op. at 7–8.) The Court denied defendants' motion to dismiss plaintiff's claim under 5 U.S.C. § 706(2)(A) of the Administrative Procedure Act ("APA") to the extent that it challenged an administrative judge's ("AJ") decision upholding the Department of Housing and Urban Development's ("HUD") offset against plaintiff ("Count I"). However, the Court noted that its review on Count I going forward would be confined to that issue: "This action will not include discovery or class certification. After the administrative record is filed, the Court will decide whether the AJ reached her decision in an arbitrary and capricious manner, or otherwise violated an applicable

statute or regulation." (MTD Op. at 13.)

In its motion for reconsideration, plaintiff argues that (1) the Court should not have dismissed Count II for lack of jurisdiction because defendants did not explicitly argue for dismissal on that ground and the Court has jurisdiction under HUD's sue and be sued clause, 12 U.S.C. § 1702; (2) if the Court were to reach jurisdiction sua sponte and find against plaintiff, it should have dismissed Count II without prejudice; and (3) the Court should not have concluded that plaintiff could not maintain a class action on Count I without receiving briefings from the parties on class certification. For the reasons that follow, the Court grants the motion in part and denies the motion in part.[1]

## ANALYSIS

### I. LEGAL STANDARD

Interlocutory decisions "may be revised at any time before the entry of a judgment." Fed. R. Civ. P. 54(b). However, a court "should be loathe" to grant a motion for reconsideration "in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Marshall v. Honeywell Tech. Sols., Inc.*, 598 F. Supp. 2d 57, 59 (D.D.C. 2009) (citation omitted); *see also Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 17 (D.C. Cir. 2015). "The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." *Marshall*, 598 F. Supp. 2d at 60; *see also Nat'l Ctr. for Mfg. Scis. v. Dep't of Def.*, 199 F.3d 507, 511 (D.C. Cir. 2000) (noting that "a district court should not grant a

---

[1] Plaintiff also has an outstanding motion to amend its complaint, ECF No. 22, which the Court does not address here.

motion for reconsideration unless the moving party shows new facts or clear errors of law which compel the court to change its prior position").

## II. COUNT II

To begin, there is nothing improper about the Court dismissing plaintiff's Count II for lack of subject matter jurisdiction without briefing from the parties; a district court may conduct a subject-matter-jurisdiction inquiry sua sponte. Fed. R. Civ. P. 12(h)(3); *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008); *see also Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) (per curiam) (unpublished) (affirming the district court's denial of the appellant's motion for reconsideration, and explaining that "a district court may dismiss a complaint sua sponte . . . when, as here, it is evident that the court lacks subject-matter jurisdiction").

Second, contrary to plaintiff's assertions, the Court was well aware of HUD's sue and be sued clause, 12 U.S.C. § 1702, when it dismissed Count II for lack for jurisdiction. (*See* MTD Op. at 9 n.7.) Section 1702 may waive HUD's sovereign immunity, but it is not an independent grant of jurisdiction. *See Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 561 (2017) (noting that "Fannie Mae's sue-and-be-sued clause is most naturally read not to grant federal courts subject-matter jurisdiction over all cases involving Fannie Mae. In authorizing Fannie Mae to sue and be sued 'in any court of competent jurisdiction, State or Federal,' it permits suit in any state or federal court already endowed with subject-matter jurisdiction over the suit"). The operative language in *Lightfoot* is virtually identical to 12 U.S.C. § 1702. *Compare* 12 U.S.C. § 1723a(a), *with id.* § 1702.

Plaintiff also argues in its reply that 28 U.S.C. § 1331 and 28 U.S.C. § 1332 could provide a basis for jurisdiction over Count II. As to 28 U.S.C. § 1332, the Court will not read a

jurisdictional allegation into plaintiff's complaint as a ground for granting a motion to reconsider.  Plaintiff's only cited jurisdictional ground in its complaint was 28 U.S.C. § 1331 (Compl. ¶ 6), which the Court already considered and rejected.  And despite the arguments presented by plaintiff on its motion to reconsider, the Court still finds § 1331 to be an inadequate basis for exercising jurisdiction.

Plaintiff argues that *Trans-Bay Engineers & Builders, Inc. v. Hills*, 551 F.2d 370 (D.C. Cir. 1976), demonstrates that this Court has jurisdiction under 28 U.S.C. § 1331.  In *Trans-Bay*, the plaintiff was a construction company that did not have a contract with HUD.  *Id.* at 373–74.  The plaintiff had entered into a construction contract with a non-profit corporation ("MORH") that was building a housing project for low and moderate income families.  *Id.*  MORH in turn had a contract with Advance Mortgage Corporation to provide "the mortgage financing for the project."  *Id.* at 374.  The Federal Housing Administration, "an organizational sub-unit of HUD," was administering a program that reduced the risk to mortgage lenders and owners of housing projects for low and moderate income families—i.e., MORH and Advance.  *Id.* at 373–74.  Therefore, HUD and MORH signed a "Regulatory Agreement" that "covered the owner's use of the loan funds, rental rates and many other obligations."  *Id.* at 374.

The construction contract between the plaintiff and MORH authorized MORH to holdback 10% of the monthly construction payments to be payable 30 days after construction was completed if the plaintiff met certain preconditions.  *Id.* at 374–75.  The plaintiff met its obligations under the contract with MORH by June 30, 1973, but did not receive the holdback funds because Advance and HUD refused to release the funds.  *Id.* at 375.  "In October 1973, Advance and HUD agreed to release one half of that amount . . . .  HUD took the position that the remainder of those funds could not, in the normal course, be released until after a 'final

closing' of the mortgage financing had occurred for the project." *Id.* at 375 (footnotes omitted). That never occurred because MORH defaulted. *Id.* Advance assigned the mortgage to HUD, and HUD foreclosed on the mortgage without paying the plaintiff the remaining holdback funds. *Id.*

The plaintiff then sought "recovery against the Secretary and Advance as a third party beneficiary to the Building Loan Agreement, and alternatively under theories of suretyship, and equitable lien/unjust enrichment." *Id.* The district court entered summary judgment for HUD and Advance. *Id.* at 373.

On appeal, the D.C. Circuit examined jurisdiction and found that 12 U.S.C. § 1702 waived sovereign immunity, but did not reach the question of whether § 1702 also granted subject matter jurisdiction because it concluded that subject matter jurisdiction existed under 28 U.S.C. § 1332 and 28 U.S.C. § 1331. *Id.* at 376–78. As to § 1331, the D.C. Circuit concluded that equitable rights determined by federal common law were the source of the plaintiff's claims, not a "contract between" HUD and the plaintiff. *Id.* at 377; *see also Molton, Allen & Williams, Inc. v. Harris*, 436 F. Supp. 853, 857 (D.D.C. 1977) ("A close analysis of [*Trans-Bay*], however, reveals that federal question jurisdiction was found there because the plaintiff's claim was founded upon 'equitable rights generated by HUD's course of activities pursuant to federal statutes.'" (citing *Trans-Bay*, 551 F.2d at 377)). In contrast, plaintiff's Count II is a claim that HUD breached the covenant of good faith and fair dealing in a contract between HUD and plaintiff. (*See* MTD Op. at 7.).

Plaintiff is correct that federal common law also governs contracts between HUD and plaintiff. But finding subject matter jurisdiction on this basis alone would eviscerate the Tucker Act's grant of exclusive jurisdiction. "If plaintiff's argument were to prevail, every Government

contracts case where the waiver of sovereign immunity was not dependent solely on the Tucker Act could be brought in a federal district court because the federal common law of contracts provides the rules of decision in all Government contracts cases." *Molton*, 436 F. Supp. at 856. Following the rationale set forth in *Molton*, this Court will not read *Trans-Bay* as expansively as plaintiff would like, especially given the more recent controlling D.C. Circuit precedent holding that a plaintiff cannot "bypass Tucker Act jurisdiction by converting complaints which 'at their essence' seek money damages from the government into complaints requesting injunctive relief or declaratory actions." *Kidwell v. Dep't of Army, Bd. for Corr. Of Military Records*, 56 F.3d 279, 284 (D.C. Cir. 1995). Given the lack of controlling or convincing precedent, the Court will not reconsider its jurisdictional ruling with regard to Count II.[2]

Finally, the Court's dismissal of Count II with prejudice was meant only to be with prejudice in this Court. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."); *see also Attias v. Carefirst, Inc.*, 865 F.3d 620, 625 (D.C. Cir. 2017) ("By dismissing without prejudice, a district court leaves the plaintiff free to return later to the same court with the same underlying claim.") However, for the sake of clarity, and given the parties' concessions on the matter,[3] the Court will grant plaintiff's motion for reconsideration in part to provide for dismissal

---

[2] Plaintiff also relies on *Yee v. Jewell*, 228 F. Supp. 3d 48 (D.D.C. 2017), but the district court in that case reserved the question of dismissal or transfer to the Court of Federal Claims "[i]n the event that subject-matter jurisdiction is lacking." *Id.* at 56. In fact, the district court subsequently transferred the case to the Court of Federal Claims. *Yee*, 16-cv-0490, Order, Jan. 25, 2017, ECF No. 17.

[3] "AMB asserts that it should be free to refile its contract claim in the Court of Federal Claims. Although there may be other bars to filing this case in the Court of Federal Claims, the Court's dismissal with prejudice is not one of them." (Defs.' Opp. to Pl.'s Mot. for Recons., Oct. 12, 2017, ECF No. 30, at 9 n.6 (internal citation omitted).) "[C]hanging dismissal—assuming the

6

of Count II without prejudice to refiling in the Court of Federal Claims.

**III.   COUNT I**

The Court finds no grounds to reconsider its ruling on Count I, which limited the scope of review to whether, based on the administrative record, the AJ's decision violated the APA. 5 U.S.C. § 706(2)(A). "A district court exercises broad discretion in deciding whether to permit a case to proceed as a class action." *Hartman v. Duffey*, 19 F.3d 1459, 1471 (D.C. Cir. 1994). Plaintiff argues that it has a due process right to brief and be heard on class certification, but "when a party seeks review of agency action under the APA, the district judge sits as an appellate tribunal. The 'entire case' on review is a question of law," *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001) (footnote omitted), and here, that question is not amenable to class certification. The challenged agency action is the AJ's decision. The AJ's review was confined to whether plaintiff's debt under an indemnification agreement between plaintiff and HUD was past due and legally enforceable. (MTD Op. at 1–5.) The fact that the AJ's decision represents final agency action reviewable under 5 U.S.C. § 706(2)(A) does not alone make it amenable to a Rule 23 class action. Plaintiff is the only party to which the AJ's decision applied, and if plaintiff succeeds on Count I, its relief would be vacatur of the AJ's decision. *See Am. Bioscience, Inc.*, 269 F.3d at 1084.

The cases plaintiff cites as APA class actions involve, at best, challenges to broad policies, not an APA challenge limited to review of an ALJ's or AJ's individualized decision involving one party. For example, plaintiff cites *Cohen v. United States*, 650 F.3d 717 (D.C. Cir.

---

Court still concludes that it lacks subject-matter jurisdiction—to 'without prejudice to refiling in the Court of Federal Claims' will make the import of the Court's decision crystal clear and will address both sides' concerns." (Pl.'s Reply in Supp. of Pl.'s Mot. for Recons., Oct. 19, 2017, ECF No. 31, at 6.)

2011) (en banc) for support, but *Cohen* involved a class action challenge to the adequacy of an IRS Notice establishing refund procedures for taxpayers to recoup incorrectly collected excises taxes. *Id.* at 719–22. In an en banc decision, the Court distinguished such a broad programmatic challenge from a challenge to an IRS tax refund adjudication which would involve relief that "would be individualized, not class wide." *Id.* at 732. Similarly, plaintiff cites *Blackmon-Malloy v. U.S. Capitol Police Board*, 575 F.3d 699 (D.C. Cir. 2009), and *Contreras v. Ridge*, 305 F. Supp. 2d 126 (D.D.C. 2004), for the proposition that "so long as one member of the class undertakes the necessary agency proceedings, it can support a class whose other members did not first go before the agency," (Pl.'s Reply in Supp. of Pl.'s Mot. for Recons., Oct. 19, 2017, ECF No. 31, at 10), but these cases are distinguishable. They involved (1) the Congressional Accountability Act and Title VII of the Civil Rights Act, not the APA, and (2) claims of systemic discrimination that were amenable to class relief. *Blackmon-Malloy*, 575 F.3d at 701–02, 704–10; *Contreras*, 305 F. Supp. 2d at 128–35.

The claim in Count I that still exists after the Court's Memorandum Opinion is not amenable to resolution, as a matter of law, by class action. Thus, no harm or injustice results from denying plaintiff's motion to reconsider. *See* Fed. R. Civ. P. 23(c)(1)(A); *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994); *see also Atchison v. U.S. Dist. Courts*, 190 F. Supp. 3d 78, 99 n.22 (D.D.C. 2016) *aff'd*, 240 F. Supp. 3d 121 (D.D.C. 2017) (motion for reconsideration).

**CONCLUSION**

For the reasons stated above, it is hereby

**ORDERED** that plaintiff's motion for reconsideration, ECF No. 24, is **GRANTED IN PART** to clarify that its dismissal of Count II for lack of jurisdiction is without prejudice to

refiling in the Court of Federal Claims; and it is further

**ORDERED** that plaintiff's motion for reconsideration, ECF No. 24, is otherwise **DENIED**.

/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   November 15, 2017