IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ASSOCIATED MORTGAGE BANKERS, INC.,** on behalf of itself and a class of similarly situated mortgage lenders, <br><br> Plaintiffs, <br><br> v. <br><br> **BEN CARSON**, in his official capacity as Secretary of the U.S. Department of Housing and Urban Development, and <br><br> **U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**, <br><br> Defendants. | Case No. 17-CV-00075 (ESH) |

**PLAINTIFFS' MOTION TO VACATE THE ADMINISTRATIVE
JUDGE'S DECISION AND TO REMAND THE DECISION TO THE AGENCY**

Plaintiff Associated Mortgage Bankers, Inc. ("AMB") respectfully files this Motion to Vacate the Administrative Judge's Decision and to Remand the Decision to the Agency ("Motion").

On November 29, 2017, the United States took the position before the U.S. Supreme Court that Securities and Exchange Commission ("SEC") Administrative Law Judges ("ALJs") are "inferior officers" within the meaning of the Appointments Clause of the U.S. Constitution. *See* Ex. A, Brief for the Respondent ("*Lucia* Brief"), *Lucia v. S.E.C.*, No. 17-130 (U.S. Nov. 29, 2017) (petition for certiorari pending) (filed by the Solicitor General and the Department of Justice). There is no principled basis to distinguish between the SEC ALJs—who the government now concedes are inferior officers—and the U.S. Department of Housing and Urban Development ("HUD") Administrative Judge ("AJ") whose Decision and Order ("Decision") in the subject of

this case. *See* ECF No. 22-13. The United States should therefore be in agreement with AMB that the HUD AJ that issued the underlying administrative Decision is a constitutional officer who must be appointed pursuant to the Appointments Clause. Accordingly, the Decision should be vacated and remanded to HUD so that AMB may challenge HUD's proposed administrative offset in a constitutionally sound administrative proceeding.[1]

## BACKGROUND

This dispute began with HUD's sale of a loan originated by AMB for a large discount (approximately 66% of its value), and HUD's subsequent demand for $160,448.62—the difference between what HUD paid on a mortgage insurance claim on the loan and what it received from the note sale for the loan. Am. Compl. ¶¶ 92, 145. HUD attempted to collect the $160,448.62 through "administrative offset," which is a procedure in which the Government recoups money it is allegedly owed by a debtor. *See* 31 U.S.C. § 3716. When HUD attempts to collect a debt through administrative offset, the alleged debtor may challenge the debt in an administrative proceeding that is presided over by a HUD AJ. 24 C.F.R. § 17.69(a).

HUD's regulations make clear that "[t]he decision of the administrative judge of the [HUD Office of Appeals] concerning whether a debt or part of a debt is past due and legally enforceable is ***the final agency decision*** with respect to the past due status and enforceability of the debt." 24 C.F.R. § 17.73(a) (emphasis added). Besides having final agency decisionmaking authority concerning the alleged debt owed, HUD AJs have the power to: 1) to administer oaths; 2) issue subpoenas; 3) rule upon offers of proof; 4) control discovery; 5) regulate the administrative

---

[1] Vacatur and remand of the Decision on this basis would moot Count II of AMB's First Amended Complaint ("Amended Complaint") and would resolve Count III. Count I of the Amended Complaint—which challenges HUD's failure to promulgate its Single Family Loan Sales program through required notice and comment procedures—would not be affected and could proceed.

hearings and conduct of the parties; 6) hold settlement conferences; 7) rule upon all procedural motions; 8) take judicial notice of facts; 9) make and file determinations; and 10) exercise such "other authority as is necessary to carry out the responsibilities of the hearing officer" under HUD's regulations. 24 C.F.R. § 26.2(c).

Last year, in *Ramond J. Lucia Cos. v. SEC*, the Court of Appeals for the D.C. Circuit denied review of a petition challenging a decision of the SEC to impose sanctions for violations of the securities laws. 832 F.3d 277, 280 (D.C. Cir. 2016). Relevant here, the petitioners in *Lucia* argued that the SEC administrative hearing was an unconstitutional procedure because the ALJ that presided over the hearing was an inferior officer, but was not appointed pursuant to the Appointments Clause,[2] U.S. Const. art. II, § 2, cl. 2. *Id.* The D.C. Circuit disagreed, finding that the SEC ALJs were mere employees, not inferior officers, because they did not exercise "significant authority pursuant to the laws of the United States." *Id.* at 284 (citing *Buckley v. Valeo*, 424 U.S. 1, 126 (1976)). In doing so, the Court focused on the SEC ALJ's inability to issue "final decisions" on behalf of the Commission. *Id.* at 284-89; *see also Tucker v. Commissioner*, 676 F.3d 1129, 1133 (D.C. Cir. 2012) (factors for "drawing the line between inferior Officers and employees not covered by the clause are (1) the significance of the matters resolved by the officials, (2) the discretion they exercise in reaching their decisions, and (3) the finality of those decisions"). The petition for review was then reheard by the D.C. Circuit *en banc*, but was denied by an equally divided court. *Raymond J. Lucia Cos., Inc. v. SEC*, 868 F.3d 1021 (D.C. Cir. 2017)

---

[2] "[The President] . . . shall nominate, and by and with the advice and consent of the Senate, shall appoint ambassadors, other public ministers and consuls, judges of the Supreme Court, and all other officers of the United States, whose appointments are not herein otherwise provided for, and which shall be established by law: but the Congress may by law vest the appointment of such inferior officers, as they think proper, in the President alone, in the courts of law, or in the heads of departments." U.S. Const. art. II, § 2, cl. 2.

(per curiam). Thereafter, the petitioners filed a petition for a writ of certiorari with the Supreme Court, and that petition is currently pending. *Raymond J. Lucia, et al., v. SEC*, No. 17-130 (June 26, 2017).

Last week, the Office of the Solicitor General and the Department of Justice took the position that the SEC ALJs are in fact inferior officers "because they exercise 'significant authority pursuant to the laws of the United States.'" Ex. A, *Lucia* Brief, at 10 (citing *Buckley*, 424 U.S. at 126). Among other things, the government outlined the significant "duties and discretion" afforded to the SEC ALJs, including the ability to "administer oaths, hold hearings, take testimony and admit evidence, issue or quash subpoenas, rule on motions, impose sanctions on contemptuous hearing participants, reject deficient filings, and enter default judgments." *Id.* at 14-15 (citing 17 C.F.R. 201.111(a), (b), (c), & (h), 201.180(a) & (b)). The next day, on November 30, 2017, the SEC sought to cure the constitutional infirmity of its ALJs by purporting to ratify the agency's "prior appointment" of the five ALJs currently assigned to preside over SEC administrative hearings. Ex. B, SEC Order, *In Re: Pending Administrative Proceedings* (Nov. 30, 2017); *see also* Press Release, *SEC Ratifies Appointment of Administrative Law Judges*, Nov. 30, 2017, *available at* https://www.sec.gov/news/press-release/2017-215.

## ARGUMENT

The HUD AJ who rendered the Agency's final decision in connection with AMB's appeal of HUD's administrative offset falls squarely within the definition of an "inferior officer," as explained in the Solicitor General's brief to the Supreme Court. Ex. A, *Lucia* Brief, at 10-18. Indeed, the regulatory schemes that outline the duties and authorities of the HUD AJs and the SEC ALJs largely overlap and track one another. *Compare* 24 C.F.R. § 26.2(c), *with* 17 C.F.R. § 201.111. The most substantive distinction between their powers, however, is that an SEC ALJ

may only issue an "initial decision" which is reviewed by the Commission, 17 C.F.R. § 201.11(i) & 201.360, whereas a HUD AJ issues the "final agency decision" with respect to administrative offsets, which is not subject to review by the Secretary of HUD.  24 C.F.R. § 17.73(a).  Thus, HUD AJs have an even greater level of authority than the SEC ALJs that the government has now conceded are inferior officers.

Moreover, as this Court recognized in its opinion on the first motion to dismiss, "Defendants do not contest that the AJ's decision represents final agency action."  Order, ECF No. 23, fn. 9 (citing 24 C.F.R. § 17.73).  Given the fact that the HUD AJ issues final decisions, coupled with the government's concession in *Lucia* that the SEC ALJ's are inferior officers, the government can no longer claim that this Court's review is "limited to review of the [AJ's] Decision."  *See* Defs.' Opp. to Pls.' Mot. for Reconsideration, ECF No. 30, at 1.  Pursuant to the government's own position, the HUD AJ was not properly appointed and the Decision is void *ab initio*.

Finally, the position taken by the Solicitor General also requires HUD to concede Count III of the Amended Complaint which the Court has now granted permission to file.  Having chosen a course, the government cannot play both sides of the issue.  If the government believes in its position as delineated in its Supreme Court filing, then it should adhere to that position in this litigation and should support remand to the Agency for a final decision by an officer whose appointment is consistent with the Appointments Clause.[3]

---

[3] Indeed, in *Lucia*, the Department of Justice has requested the Supreme Court appoint amicus curiae to defend the SEC's position concerning its ALJ's. Ex. A, *Lucia* Brief, at 10. Nonetheless, counsel for HUD has indicated that it opposes this Motion and intends to seek a stay of this case, pending the outcome of *Lucia*.  HUD indicated that it will seek the stay notwithstanding the fact that certiorari in *Lucia* has not been granted, or that this case involves a clear regulatory dictate of "final agency action" not present in *Lucia*.  AMB submits that any request by HUD for a stay in

## **CONCLUSION**

For those reasons, the AJ's Decision should be vacated and Count II of the Amended Complaint should be remanded to HUD for a constitutionally valid proceeding.

Dated: December 8, 2017                    Respectfully submitted,

 /s/ David M. Souders
David M. Souders (Bar No. 441491)
Brian M. Serafin (Bar No. 996019)
WEINER BRODSKY KIDER PC
1300 19th Street NW, Fifth Floor
Washington, DC 20036
Tel:  (202) 628-2000
Fax:  (202) 628-2011
Email: souders@thewbkfirm.com
            serafin@thewbkfirm.com

*Counsel for Plaintiff and the class of similarly situated mortgage lenders*

---

this case would be irreconcilable with the unequivocal position stated by the Department of Justice in *Lucia* that ALJs—with even less authority than the HUD AJ that issued the final Decision here—are inferior officers.

6

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2017, a copy of the foregoing **PLAINTIFFS' MOTION TO VACATE THE ADMINISTRATIVE JUDGE'S DECISION AND TO REMAND THE DECISION TO THE AGENCY** was filed via the Court's CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

      /s/ *Brian M. Serafin*
     Brain M. Serafin (Bar No. 996019)