UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASSOCIATED MORTGAGE BANKERS, INC., ) <br> ) <br> Plaintiff,  ) <br> v.  ) <br>  ) <br> BEN CARSON, in his official capacity as ) <br> SECRETARY OF THE U.S. DEPARTMENT OF ) <br> HOUSING AND URBAN DEVELOPMENT, ) <br>  ) <br> and  ) <br>  ) <br> U.S. DEPARTMENT OF HOUSING AND URBAN ) <br> DEVELOPMENT,  ) <br>  ) <br> Defendants.  ) <br>  ) | Civil Action No. 17-cv-00075 (ESH) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO VACATE THE ADMINISTRATIVE JUDGE'S DECISION AND TO REMAND THE DECISION TO THE AGENCY**

Of Counsel:

| | |
|---|---|
| Batina Wills-Washington <br> Office of General Counsel <br> U.S. Department of Housing and <br> Urban Development <br> batina.wills-washington@hud.gov | CHAD A. READLER <br> Acting Assistant Attorney General <br> RUTH A. HARVEY <br> Director <br> J. TAYLOR McCONKIE <br> Assistant Director <br> KEVIN P. VANLANDINGHAM <br> Trial Attorney <br> NY Reg. No. 4741799 <br> U.S. Department of Justice, Civil Division <br> P.O. Box 875, Ben Franklin Station <br> Washington, D.C. 20044-0875 <br> Telephone: (202) 307-1134 <br> Facsimile: (202) 514-9163 <br> kevin.p.vanlandingham@usdoj.gov <br> <br> ATTORNEYS FOR THE DEFENDANTS |

The United States, acting on behalf of the Department of Housing and Urban Development and its Secretary, Ben Carson, in his official capacity (together, HUD or Defendants), respectfully opposes Plaintiff's Motion to Vacate the Administrative Judge's Decision and to Remand the Decision to the Agency (the Motion) (Dkt. 35).

## PRELIMINARY STATEMENT

Associated Mortgage Bankers, Inc.'s (AMB) Motion asks the Court to render final judgment on the Appointment Clause issue to resolve both Counts II and III of the amended complaint. *See* Mot. at 5.  The Motion should be denied because it relies entirely on the incorrect assertion that, by seeking certiorari in an entirely different case, HUD conceded the Appointments Clause claim at issue in this litigation.  *See* Mot. at 5.  But HUD has not conceded the issue; indeed, HUD has not addressed the substance of the Appointments Clause claim at all.[1]  AMB's motion is at best premature.  There is no reason to rush to an early judgment.  As set forth in Defendants' motion to stay this proceeding (*see* Dkt. 36), the far better course is to stay the case until the Supreme Court has decided *Raymond J. Lucia Cos, Inc. v. SEC* (U.S. No. 17-130).

## ARGUMENT

### A. HUD Has Not Conceded That HUD AJs are "Inferior Officers."

AMB argues that HUD must concede the Appointments Clause issue "given the position taken by the Solicitor General" in his brief in support of certiorari in *Lucia*.  Mot. at 5.  But staying the case is both consistent with the Solicitor General's request for certiorari and with the approach adopted in this Circuit in similar cases.

---

[1] HUD has only argued that AMB waived its Appointments Clause claim by failing to raise it with the agency. *See* Dfs. Opp. to Mot. for Leave to Amend (Dkt. 25).

Staying the case is consistent with the very purpose of requesting certiorari in *Lucia*. There the Solicitor General asked the Supreme Court to grant certiorari to resolve the legal uncertainty surrounding the Appointments Clause issue. *See, e.g.*, *Lucia* (Br. for Resp., filed Nov. 29, 2017) (attached hereto as Exhibit 1) at 10 ("The courts of appeals are divided over whether the Commission's ALJs are officers. That division reflects pervasive uncertainty over the scope of this Court's holding in *Freytag*. . . ."), at 25 ("[T]he conflict in the courts of appeals on the question presented has created substantial uncertainty for other agencies that employ ALJs in a manner similar to the Commission."). Until that uncertainty is resolved, holding cases in abeyance prevents the possibility of wasted effort and inconsistent results. Were AMB to have its way, the United States would have to abandon its defense of each case now pending in federal court. AMB offers no legal reason to compel such a drastic result.

The approach in this Circuit has instead been to stay cases that may be affected by *Lucia*. As described in Defendants' motion to hold the case in abeyance, the United States has routinely sought stays in cases pending in federal court that present similar Appointments Clause challenges; and the Court of Appeals has uniformly granted them. *See* Abeyance Mot. at 4 (collecting cases); Abeyance Reply at 3 (Dkt. 38).

To be clear, at this time, Defendants are not taking a position on the merits of the Appointments Clause issue presented in this case. The question is unresolved, and HUD's position will undoubtedly turn on the outcome of *Lucia* in the Supreme Court. The parties should be given the opportunity to address this question after the Supreme Court has weighed in, or at least through the normal course of litigation, *see infra* §§ B, C, rather than jumping the gun to conclusively resolve Counts II and III now, before HUD has even answered the amended complaint.

**B. AMB's Motion is a Premature Summary Judgment Motion.**

Although cast as motion to remand, AMB's Motion requires a final adjudication on the merits of the Appointments Clause claim. The Motion is therefore properly viewed as a request for partial summary judgment governed by Rule 56 of the Federal Rules of Civil Procedure. To prevail on summary judgment, AMB must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Further, "[w]hen the party moving for summary judgment bears the ultimate burden of proof," as AMB does here, "the movant bears the initial burden at summary judgment of providing competent evidence that demonstrates the absence of a genuine dispute of material fact with respect to the elements of the claims." *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A. De C.V.*, 79 F. Supp. 3d 60, 73 (D.D.C. 2015) (citing *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999)); *see SEIU Nat'l Indus. Pension Fund v. Harborview Healthcare Ctr., Inc.*, 191 F. Supp. 3d 13, 17 (D.D.C. 2016) (Huvelle, J.) ("The moving party bears the initial burden of identifying portions of the record that demonstrate the absence of any genuine disputes."). [2]

At the very least, AMB's Motion should be denied as premature because the parties have not developed a record addressing it, and thus AMB has not proffered sufficient information to conclusively resolve each of the required elements of its Appointments Clause claim. In

---

[2] AMB must also comply with the local rules governing summary judgment motions, but has not done so. Local Rule 7(h) requires AMB to submit "a statements of facts with references to the administrative record." The Court typically requires strict adherence to this requirement. *See Hinson v. Merritt Educ. Ctr.*, 579 F. Supp. 2d 89, 91 (D.D.C. 2008) ("Because of the significance of this task and the potential hardship placed on the court if parties are derelict in their duty, courts require strict compliance with LCvR 7(h)."). AMB did not file a statement of facts with references to the administrative record. Indeed, it could not have done so because the record has not yet been assembled. The time for creating the record comes after HUD has answered the amended complaint. *See* L.R. 7(n).

addressing the Appointments Clause issue before it, the Court of Appeals in *Raymond J. Lucia Cos. v. SEC*, 832 F.3d 277 (D.C. Cir. 2016), described threshold questions of whether the relevant position was "established by Law," and whether the position's "duties, salary, and means of appointment" are specified by statute.  The Court of Appeals then described a standard that requires balancing the "(1) the significance of the matters resolved by the officials, (2) the discretion they exercise in reaching their decisions, and (3) the finality of those decisions." *Lucia*, 832 F.3d at 284.

AMB has not addressed the two threshold questions at all.  And while AMB argues that HUD AJs are largely indistinguishable from the SEC ALJs at issue in *Lucia*, *see* Mot. at 4, this factual question has not yet been resolved.  In *Lucia*, the Court of Appeals described SEC ALJs roles in detail: "ALJs have authority to, among other things, administer oaths, issue subpoenas, rule on offers of proof, examine witnesses, rule upon motions, enter orders of default, and punish contemptuous conduct by excluding a contemptuous person from a hearing."  AMB has not described HUD AJ's role in any amount of detail.  Yet even on the limited record before us we know that there are differences between HUD AJs and SEC ALJs.  The HUD AJ's authority in this case was limited to deciding whether AMB's debt was "past due and legally enforceable."  24 C.F.R. § 17.69.  It is not clear how this authority compares to the role SEC ALJs perform – AMB has not even attempted to provide that analysis.

Until the parties have an opportunity to establish a more fulsome record, AMB cannot demonstrate an absence of material fact disputes or that it is entitled to judgment as a matter of law as to each of the threshold questions and elements described in the Court of Appeals' analysis in *Lucia*.  *See* Fed. R. Civ. P. 56(a).

### C. The Appointments Clause Claim is Subject to Dismissal Because AMB Waived It.

AMB waived its Appointments Clause claim by not raising it to the agency.  The Court addressed the waiver issue in the context of granting AMB's motion for leave, finding that granting leave to add the claim would not "clearly be futile." Order at 12 n.7 (Dkt. 33).  But in doing so, the Court explicitly did not foreclose HUD from filing a motion to dismiss the claim.  Order at 13.  HUD has asked for an extension of time to file its motion to dismiss, which AMB does not oppose. *See* Abeyance Mot. at 6–7.  In its motion to dismiss, HUD intends to argue that constitutional claims like the Appointments Clause issue can be waived by failing to raise them to the agency below.  Here, AMB was required to raise all challenges to the administrative offset to the HUD AJ, and could have raised its Appointments Clause claim then.  Its failure to do so forecloses AMB from asserting the claim now.  AMB also waived the Appointments Clause challenge by its own choices.  AMB could have brought contract claims directly to the Court of Federal Claims at the appropriate time, but it instead affirmatively chose to have an AJ hear its arguments.  Having opted into the AJ system, AMB cannot now complain that the system is unconstitutional.

HUD should have an opportunity to file its motion to dismiss to assert these arguments before confronting the merits of AMB's Appointments Clause claim.

### D. Staying This Litigation Is the Far Better Choice.

HUD has asked this Court to hold the case in abeyance pending the outcome of *Lucia*, now before the Supreme Court on certiorari.  *See* Abeyance Mot.  Staying the case will allow HUD to form a position on the Appointments Clause issue with the full benefit of the Supreme Court's analysis in *Lucia*.  In contrast, remanding now, without the Supreme Court's guidance,

only risks wasting the parties' resources on further proceedings below that may yet prove to be entirely unnecessary.

## CONCLUSION

For the foregoing reasons, HUD respectfully requests that the Court deny AMB's Motion to Vacate the Administrative Judge's Decision and to Remand the Decision to the Agency.

Respectfully submitted this 22nd day of December, 2017.

        CHAD A. READLER
        Acting Assistant Attorney General

        RUTH A. HARVEY
        Director

        J. TAYLOR McCONKIE
        Assistant Director

        *s/ Kevin P. VanLandingham*
        KEVIN P. VANLANDINGHAM
        (NY Reg. No. 4741799)
        Trial Attorney
        U.S. Department of Justice,
        Civil Division
        P.O. Box 875, Ben Franklin Station
        Washington, D.C.  20044-0875
        Telephone: (202) 307-1134
        Facsimile: (202) 514-9163
        kevin.p.vanlandingham@usdoj.gov
        ATTORNEYS FOR THE DEFENDANTS

        Of Counsel:

        Batina Wills-Washington
        Office of General Counsel
        U.S. Department of Housing and
        Urban Development
        batina.wills-washington@hud.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 22, 2017, I electronically filed the foregoing Defendants' Opposition to Plaintiff's Motion to Vacate the Administrative Judge's Decision and to Remand the Decision to the Agency with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

                                                *s/ Kevin P. VanLandingham*
                                                KEVIN P. VANLANDINGHAM