**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ASSOCIATED MORTGAGE BANKERS, INC.,** on behalf of itself and a class of similarly situated mortgage lenders,<br><br>Plaintiffs,<br><br>v.<br><br>**BEN CARSON**, in his official capacity as Secretary of the U.S. Department of Housing and Urban Development, and<br><br>**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**,<br><br>Defendants. | Case No. 17-CV-00075 (ESH) |

**PLAINTIFFS' REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO VACATE THE ADMINISTRATIVE
JUDGE'S DECISION AND TO REMAND THE DECISION TO THE AGENCY**

Plaintiff Associated Mortgage Bankers, Inc. ("AMB") respectfully files this Reply in support of its Motion to vacate and remand the agency decision.

### I.   HUD Cannot Escape the Government's Position Before the Supreme Court

HUD attempts to distance itself from the government's position in *Lucia* by suggesting that the government merely "asked the Supreme Court to grant certiorari," Opp. at 2, but that is only half of what happened in *Lucia*. More critically, the government also conceded the central question—that the administrative law judges ("ALJs") at issue are in fact "inferior officers" and are required to be appointed pursuant to the U.S. Constitution's Appointments Clause. Whereas the government had previously argued that the ALJs were not inferior officers who had to be appointed, the Solicitor General's enunciation of the government's new position is clear:

> Upon further consideration, and in light of the implications for the exercise of executive power under Article II, the government is now of the view that such ALJs are officers because they exercise significant authority pursuant to the laws of the United States.
>
> . . .
>
> [Supreme Court precedent] demonstrates that the Commission's ALJs are "inferior officers" rather than "mere employees."
>
> . . .
>
> The ALJ is thus an "Officer" within the meaning of the Appointments Clause.

*Raymond J. Lucia v. S.E.C.*, No. 17-130, Brief for the Respondent, at 9-10, 14, 15 ("*Lucia* Brief") (U.S. Nov. 29, 2017) (brackets omitted). The government's position in *Lucia* was not simply to request certiorari, as HUD suggests, but also to concede the central legal issue that the ALJ's are in fact inferior officers who must be appointed.

HUD half-heartedly asserts that it has not conceded the issue, but then states that "[t]o be clear, at this time, Defendants are not taking a position on the merits of the Appointments Clause issue presented in this case." Opp. at 2; *id.* at 5 (HUD seeks more time "to form a position on the Appointments Clause issue"). Even if HUD cannot bring itself to admit in open court that the administrative judge ("AJ") is an inferior officer, its failure to contest the issue has the same effect. By "not taking a position on the merits of" the issue, HUD is not contesting it, and therefore is deemed to concede it. *Antoine v. U.S. Bank N.A.*, 821 F. Supp. 2d 1, 6 (D.D.C. 2010) ("The plaintiffs again fail to contest the defendants' argument, and this claim is thus conceded[.]"); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) ("[W]hen a plaintiff files a response to a motion . . . but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.").

**II.    AMB's Motion is Not One for Summary Judgment, But Even if It Was, AMB Would Still Prevail**

Contrary to HUD's argument that AMB's Motion is actually a motion for summary judgment, Opp. at 3, AMB's Motion is a function of the government's change in position expressed in *Lucia* and the now-uncontested nature of a dispositive legal and factual issue.

However, even if the Court chooses to convert the Motion into a motion for summary judgment, the Motion should still be granted.[1] Under the local rules, "[i]n determining a motion for summary judgment, the Court may assume that facts identified by the moving party . . . are admitted, unless such a fact is controverted" by the opposing party. LcvR 7(h)(1). As explained above, HUD's decision to "not tak[e] a position on the merits of the Appointments Clause issue" concludes the matter. Since the claim is not contested, it is deemed conceded. *Antoine*, 821 F. Supp. 2d at 6; *Stephenson*, 223 F. Supp. 2d at 121. While HUD suggests that there could theoretically be factual differences between the SEC ALJs and the HUD AJ, Opp. at 4, HUD does not claim that there are actually any such differences or explain what those differences are. Further, as described in AMB's Motion, the AJ's relevant powers, duties, and authority are set forth by statute and regulation, such that they do not present a question of fact. Mot. at 2-3, 4. With respect to HUD's vague claim that the Motion is premature and should be decided on a fuller

---

[1] Contrary to HUD's claim that courts in this district require "strict adherence" to certain formalities of summary judgment, courts can and do convert motions seeking some other form of relief into motions for summary judgment. *Ryan-White v. Blank*, 922 F. Supp. 2d 19, 22 (D.D.C. 2013) ("The decision to convert a motion to dismiss into a motion for summary judgment is committed to the sound discretion of the trial court."). Further, contrary to HUD's claim that AMB's Motion lacks a statement of facts, the Motion includes all the necessary facts for resolution of the Motion. *See* Mot. at 2-4. The fact that the Motion does not literally have a heading titled "Statement of Material Facts" is irrelevant. *See St. Louis Fuel & Supply Co. v. FERC*, 890 F.2d 446, 448 (D.C. Cir. 1989) ("Our decision . . . does not turn, mechanically, on the absence of magic words.").

factual record, HUD fails to describe what other information it allegedly needs with particularity or to explain how it does not have access to the information, and does not provide the requisite affidavits or declarations. Fed. R. Civ. P. 56(d) (delaying resolution of motion because of alleged lack of factual information is only appropriate if opposing party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition").

### III. HUD's Waiver and Exhaustion Arguments Are Still Meritless

In light of the now-uncontested merits issue that the AJ is an inferior officer under the Appointments Clause, and was thus exercising authority contrary to the U.S. Constitution, HUD's waiver and exhaustion arguments have little meaning. The government is not "an ordinary party to a controversy," but "a sovereignty whose obligation is not that it shall win a case, but that justice shall be done." *Freeport-McMoRan Oil & Gas Co. v. FERC*, 962 F.2d 45, 47 (D.C. Cir. 1992) (ellipses omitted, quoting *Berger v. United States*, 295 U.S. 78, 88 (1935)). As expressed by the D.C. Circuit, "[w]e find it astonishing that [a government agency] could so unblushingly deny that [it] has obligations that might sometimes trump the desire to pound an opponent into submission." *Id.* at 48. The government cannot, in good faith, abet what it has conceded to be a constitutional violation.

When HUD previously raised its waiver and exhaustion arguments regarding AMB's Appointments Clause claim in opposing AMB's motion to amend the complaint, the Court found that "defendants have not cited any statute, regulation, or policy requiring plaintiff to exhaust such a claim before the AJ," and that "the Court is even more hesitant to conclude as a matter of law that plaintiff must exhaust a *constitutional* claim before an AJ that challenges that AJ's very authority." Mem. Op. & Order, at 12, Dkt. 33 (emphasis in original). Notwithstanding a number

of bold assertions in its Opposition brief that AMB waived the claim, Opp. at 12, HUD does not cite a single statute, regulation, or case—let alone anything new—to support its renewed waiver argument, such that there is no reason that the outcome should be any different than it was last time.[2]

### IV.  The Court Should Not Stay the Case

Despite having already argued its position as to why a stay is warranted in its motion for abeyance and its reply in support of the motion for abeyance, HUD uses its Opposition brief on a separate subject to reiterate its arguments in favor of the stay. Opp. at 5-6. Since HUD felt the need to belabor the point, AMB will simply say:

- "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. No. Am. Co.*, 299 U.S. 248, 254-55 (1936);

- AMB's claim regarding HUD's failure to conduct notice-and-comment rulemaking will need to be litigated regardless of how the Supreme Court decides the inferior officer issue;

- The HUD AJ has the greater authority to issue final decisions which cannot be appealed to the Secretary of HUD, unlike the SEC ALJ, such that the AJ should be deemed an inferior officer even if the SEC ALJ is not;

- This matter has already gone on long enough and does not warrant further delay.

---

[2] HUD also suggests that AMB "affirmatively chose to have an AJ hear its arguments," and that "[h]aving opted into the AJ system, AMB cannot now complain that the system is unconstitutional." Opp. at 5. Since AMB's only route to challenge the administrative offset was to challenge the decision before the AJ, *see* 24 C.F.R. § 17.69, AMB's only other option would have been to do nothing and suffer the offset. HUD cannot channel parties into a single, unconstitutional process to challenge the administrative offsets and then claim that the parties brought HUD's constitutional violation upon themselves.

\*       \*       \*

The Solicitor General could not have been clearer: "*the government* is now of the view that such ALJs are officers because they exercise significant authority pursuant to the laws of the United States." *Lucia* Brief at 9-10 (emphasis added). HUD, which is represented by the Department of Justice in this litigation, now proffers a different "government" view—that this particular government agency needs more time to form a position on the Appointments Clause issue. The United States has only one government, not a collection of competing administrative fiefdoms at war with each other. Having declared its position in the *Lucia* Brief, the government needs to act in a manner that is consistent with that position and this Court should not allow HUD to circumvent the position of the Solicitor General by seeking a stay or otherwise opposing in any way the vacatur and remand of the AJ's decision. For the reasons set forth in AMB's Motion and this Reply, AMB respectfully requests that the Court vacate the AJ's decision and remand the matter to HUD for a constitutionally valid proceeding.

Dated: December 29, 2017                         Respectfully submitted,

 /s/ David M. Souders
David M. Souders (Bar No. 441491)
Brian M. Serafin (Bar No. 996019)
WEINER BRODSKY KIDER PC
1300 19th Street NW, Fifth Floor
Washington, DC 20036
Tel: (202) 628-2000
Fax: (202) 628-2011
Email: souders@thewbkfirm.com
       serafin@thewbkfirm.com

*Counsel for Plaintiff Associated Mortgage Bankers, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2017, a copy of the foregoing **PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE THE ADMINISTRATIVE JUDGE'S DECISION AND TO REMAND THE DECISION TO THE AGENCY** was filed via the Court's CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

    /s/ *Brian M. Serafin*
Brain M. Serafin (Bar No. 996019)