# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ASSOCIATED MORTGAGE BANKERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> BEN CARSON, *et al.*, <br><br> Defendants. | Civil Action No. 17-0075 (ESH) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Associated Mortgage Bankers, Inc. ("AMB") has filed a motion to modify the Court's January 4, 2019 Order remanding the case to the Department of Housing and Urban Development ("Remand Order"). Because AMB's motion lacks merit, the Court will deny the motion.

## BACKGROUND

AMB is a mortgage loan company that brought suit against defendants, the U.S. Department of Housing and Urban Development and its Secretary (collectively referred to as "HUD"), on January 12, 2017. (Compl., ECF No. 1.) The details of AMB's allegations and the case's procedural history are described in the Court's January 4, 2019 Opinion regarding HUD's partial motion to dismiss AMB's amended complaint, or in the alternative, motion to remand to the administrative agency. *See Associated Mortg. Bankers, Inc. v. Carson*, No. 17-cv-75, 2019 WL 108882, at *1–4 (D.D.C. Jan. 4, 2019). In relevant part, AMB's amended complaint asserted a claim that the HUD Administrative Judge ("AJ") who ruled that AMB owed a legally

enforceable debt to HUD under an indemnification agreement had not been appointed in accordance with the U.S. Constitution's Appointments Clause. (Am. Compl. ¶¶ 217–224, ECF No. 34.) In particular, AMB argued that AJ Vanessa Hall had not been appointed by the President, a court of law, or a head of department despite being an "inferior Officer" within the meaning of the Appointments Clause (*see* U.S. Const. art. II, § 2, cl. 2), and thus her decision regarding AMB's debt to HUD should be vacated.

In light of the U.S. Supreme Court's June 21, 2018 decision in *Lucia v. Securities & Exchange Commission*, 138 S. Ct. 2044 (2018), HUD stated in its August 15, 2018 memorandum in support of its motion to dismiss or remand that it "no longer dispute[d] the substance of AMB's claim that the HUD Administrative Judge [Vanessa Hall] was unconstitutionally appointed." (HUD Memo. in Supp. of Mot. to Dismiss or Remand at 2, ECF No. 46-1.) HUD argued that this Court should nonetheless decline to reach AMB's Appointments Clause claim because AMB had forfeited the claim by failing to raise it before the agency. (*Id.* at 8.) For the reasons stated in the Court's January 4, 2019 Opinion, the Court utilized its discretion to reach the Appointments Clause claim and remanded to HUD, providing the remedy that *Lucia* dictates for Appointments Clause violations of this kind: a remand for a hearing before a different, properly-appointed official. *Associated Mortg. Bankers, Inc.*, 2019 WL 108882, at *4–7. In particular, the Court's Remand Order decreed "that the December 16, 2016 Decision and Order issued by the Department of Housing and Urban Development ("HUD") Administrative Judge in *In Re: Associated Mortgage Bankers*, No. 15-VH-0026-AO-009, 7-207084340A, is hereby **VACATED** and the case is **REMANDED** to HUD for a new hearing before a different, constitutionally-appointed official, consistent with the Appointments Clause of the United States Constitution." (Remand Order at 1, ECF No. 50.)

After the issuance of the Court's Order, counsel for HUD filed a notice with the Court on February 22, 2019, attaching a letter authored two days earlier by HUD's Chief Administrative Law Judge ("ALJ") J. Jeremiah Mahoney. (*See* HUD Chief ALJ Letter, ECF No. 52-1.) In his letter, HUD's Chief ALJ asserted that he believed HUD's prior factual concession—that the HUD AJ had not been appointed in accordance with the Appointments Clause—was erroneous, as he believed that AJ Hall had been appointed by the HUD Secretary. (*Id*. at 1–2.) The letter further stated:

> Although I am willing to implement the court's order of remand by assigning this matter for hearing before another constitutionally-appointed official, I am first returning the matter to HUD counsel to afford them the opportunity to bring the foregoing facts to the attention of the District Court, and to provide the District Judge the opportunity to develop a factual record, and possibly reinstate Judge Hall's decision. If the District Judge chooses not to do so, I will comply with her Order.

(*Id.* at 2.) HUD's counsel indicated in their notice to the Court that they would "investigat[e] the factual statements described in the Chief ALJ's memorandum" and "notify this Court once [the] investigation is complete." (HUD Notice at 2, ECF No. 52.)

AMB filed a response on February 26, 2019, not only disputing the Chief ALJ's factual assertion that AJ Hall had been appointed by the HUD Secretary, but also moving to modify the Court's Remand Order under Federal Rule of Civil Procedure 60(b) on the basis of the letter. (AMB Mot. to Modify at 1–2, ECF No. 53.) In particular, AMB requested that the Court modify its prior Order so the remand would be assigned to a "constitutionally-appointed official not under the direction, supervision, or control of HUD's Chief ALJ." (*Id.* at 2.) AMB argued that the Chief ALJ's letter represented his "advocacy in favor of reinstating the AJ's initial decision," and thus, "it will now be impossible for AMB to receive a fair and impartial hearing before a HUD AJ" under his "direction, supervision, or control." (*Id.*) HUD filed a memorandum in

opposition on March 12, 2019, in which it 1) informed the Court that, after a factual investigation, it wished to maintain its prior position regarding AJ Hall's appointment (*i.e.*, that she had not been appointed by the HUD Secretary as the Appointments Clause required), and 2) the Chief ALJ's letter did not provide a sufficient basis for the Court to modify its prior Order under Rule 60(b). (HUD Opp. at 2–7, ECF No. 55.) AMB filed a reply in support of its motion to modify the Court's Order on March 19, 2019. (AMB Reply, ECF No. 57.)

## ANALYSIS

AMB's motion to modify the Court's Remand Order is without merit, and thus, it will be denied.

## I.     LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a *final* judgment, order, or proceeding" for six enumerated reasons. Fed R. Civ. P. 60(b) (emphasis added). AMB argues that, in particular, two provisions apply: 1) under Rule 60(b)(2), the Chief ALJ's letter constitutes "newly discovered evidence," and 2) under Rule 60(b)(6), the Chief ALJ's letter falls within the catchall of "any other reason that justifies relief." (AMB Mot. to Modify at 6.)

"[T]he district judge . . . is vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion," and "must strike a delicate balance between the sanctity of final judgments . . . and the incessant command of a court's conscience that justice be done in light of all the facts.'" *Twelve John Does v. D.C.*, 841 F.2d 1133, 1138 (D.C. Cir. 1988) (internal citation and quotation marks omitted, emphasis removed). "When a party seeks relief under Rule 60(b), that party bears the threshold burden of proving that a 'significant change' in legal or factual circumstances 'warrants revision of the decree.'" *Salazar v. D.C.*, 896 F.3d 489, 492

(D.C. Cir. 2018) (quoting *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383 (1992)).

HUD's opposition does not disagree that Rule 60 provides the appropriate legal standard for a

modification of the Court's Remand Order, but disputes whether AMB is entitled to relief under

this Rule.  (*See* HUD Opp. at 2–5.)

However, it is not clear to the Court that Rule 60(b) should govern modification of an

order remanding to an administrative agency.  The D.C. Circuit has repeatedly held that remand

orders are *not* "final decisions" for purposes of appellate jurisdiction under 28 U.S.C. § 1291.

*See, e.g.*, *N.A.A.C.P., Jefferson Cty. Branch v. U.S. Sugar Corp.*, 84 F.3d 1432, 1436 (D.C. Cir.

1996) ("A remand order usually is not a final decision, even if the district court dismisses the

case when it remands"); *Occidental Petroleum Corp. v. S.E.C.*, 873 F.2d 325, 329 (D.C. Cir.

1989) ("[C]ourts of appeals that have considered the question . . . have uniformly held that, as a

general rule, a remand order is 'interlocutory' rather than 'final'").  There is reason to think that

a remand order might similarly not be considered "final" within the meaning of Rule 60.  *See*

*Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 816 (9th Cir. 2018) ("The

word 'final'" in Rule 60(b) "designates orders that terminate litigation and are subject to

appeal."); *Kapco Mfg. Co. v. C & O Enterprises, Inc.*, 773 F.2d 151, 154 (7th Cir. 1985) ("Rule

60(b) must be limited to review of orders that are independently 'final decisions' under 28

U.S.C. § 1291.").

If the Court's Remand Order were considered interlocutory rather than final, Federal

Rule of Civil Procedure 54(b) would govern AMB's present motion.  *See Associated Mortg.*

*Bankers Inc. v. Carson*, 281 F. Supp. 3d 5, 7 (D.D.C. 2017).  Rule 54(b) provides that an

interlocutory order "may be revised at any time before the entry of a judgment."  Fed. R. Civ. P.

54(b).  Motions under Rule 54(b) "are left to the sound discretion of the trial court to decide as

justice requires." *Lederman v. United States*, 539 F. Supp. 2d 1, 2 (D.D.C. 2008). "The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied." *Marshall v. Honeywell Tech. Solutions, Inc.*, 598 F. Supp. 2d 57, 60 (D.D.C. 2009). The discretion of the Court to grant a motion under Rule 54(b) "as justice requires" is considered "more flexib[le]" than the standard for granting a Rule 60(b) motion, which cabins relief to certain enumerated bases. *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004); *see also Jordan v. U.S. Dep't of Justice*, No. 17-cv-2702, 2019 WL 2028399, at *2 (D.D.C. May 8, 2019).

## II.     AMB'S MOTION TO MODIFY THE COURT'S REMAND ORDER

Under either Rule 54(b) or 60(b), AMB's motion fails. *See Lemmons v. Georgetown Univ. Hosp.*, 241 F.R.D. 15, 23–24 (D.D.C. 2007) (concluding it is "unnecessary for the Court to decide under which rule the plaintiff's motion is properly brought" where the party's motion "should not be granted even under the 'more flexib[le]' standard of Rule 54(b)"). AMB's entire argument for a modification of the Remand Order rests on the HUD Chief ALJ's letter, which merely expressed a belief regarding the factual circumstances of AJ Hall's appointment. This factual issue has been resolved now that HUD's counsel has had time to investigate, and the parties currently agree that AJ Hall was not properly appointed. (*See* HUD Opp. at 2.) Furthermore, the facts surrounding AJ Hall's appointment—the only issue the Chief ALJ's letter addresses—are irrelevant to the parties' dispute moving forward, given that the Court's Remand Order vacated AJ Hall's prior decision and order and specifically required that an AJ other than Hall hear the case on remand. (*See* Remand Order at 1.) The Chief ALJ's letter has nothing to do with—and expresses no opinion about—the merits of the dispute that will be addressed on remand, which will focus on whether AMB owes a debt to HUD under the terms of an

indemnification agreement.

"An ALJ is presumed to be unbiased," and the Chief ALJ's letter falls far short of demonstrating the "unequivocal antagonism" necessary to rebut that presumption. *Jackson v. Berryhill*, 268 F. Supp. 3d 115, 134 (D.D.C. 2017). Indeed, the Chief ALJ's letter displays no bias or antagonism at all. The letter explicitly states that the Chief ALJ will comply with the Court's Order and assign the case for a new hearing before a constitutionally-appointed AJ who is not Vanessa Hall. (HUD Chief ALJ Letter at 2.) AMB has put forth no evidence to cause the Court to doubt this representation. The Court sees no reason to alter the remand instructions described in its prior Order.

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that AMB's motion to modify the Court's Remand Order (ECF No. 53) is **DENIED.**

Ellen S. Huvelle
_____
ELLEN S. HUVELLE
United States District Judge

Date: July 9, 2019

7